UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA LISTEBARGER,<br><br>    Plaintiff,<br><br>v.<br><br>SYNERPRISE CONSULTING SERVICES, INC.<br><br>    Defendant. | Case No. 4:20-cv-00151 |

## COMPLAINT

NOW COMES Plaintiff, SANDRA LISTEBARGER, through undersigned counsel, complaining of Defendant, SYNERPRISE CONSULTING SERVICES, INC. as follows:

## NATURE OF THE ACTION

1.   This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*, and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.   Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.   SANDRA LISTEBARGER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

6.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. SYNERPRISE CONSULTING SERVICES, INC. ("Defendant") is a corporation organized under the laws of Texas.

10. Defendant has its principal place of business at 5651 Broadmoor Street, Mission Kansas, 66202.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 2704.

16. At all times relevant, Plaintiff's number ending in 2704 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. On February 25, 2019, Plaintiff received pathology services from Community Pathology Associates.

19. Said pathology services resulted in a $1,157.50 bill.

20. Plaintiff's $1,157.50 balance is a "debt" as defined by 15 U.S.C. § 1692a (5).

21. Plaintiff's $1,157.50 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

22. On or before November 19, 2019, Plaintiff's balance was referred for collection.

23. Immediately, Plaintiff started to receive phone calls from Defendant.

24. On multiple occasions, Plaintiff answered.

25. Each time Plaintiff answered, she was met by clear pause, and was forced to say "Hello, Hello, Hello" prior to being connected to an agent.

26. Each time, Defendant sought immediate payment.

27. Simply unable, on December 17, 2019, Plaintiff ultimately instructed Defendant to stop calling.

28. Regrettably, these phone calls continued.

29. In fact, Plaintiff continues to receive phone calls from numbers leading back to Defendant, including – (817) 259-4010 and (903) 385-3279.

30. All in all, Plaintiff received no less than 12 unwanted, unauthorized, *unconsented-to* phone calls from Defendant.

31. Defendant's phone calls resulted in aggravation that accompanies unwanted, unauthorized, unconsented-to phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her

cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

32. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

33. Accordingly, Plaintiff is forced to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

35. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

36. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

37. Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

38. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with

any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

    A.    a finding that Defendant violated 15 U.S.C. § 1692d(5);

    B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

    C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

39.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40.    Defendant placed or caused to be placed no less than 12 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone

utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

41. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

42. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

43. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

44. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

45. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

46. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III
## Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48.   Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

>   (4)   causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

49.   Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request(s) that they stop.

50.   Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)   A person may sue for:

>   (1)   injunctive relief to prevent or restrain a violation of this chapter; and
>
>   (2)   actual damages sustained as a result of a violation of this chapter.

(b)   A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.   a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.   an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.   an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.   an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.   an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 15, 2020  Respectfully submitted,

**SANDRA LISTEBARGER**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com