UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA LISTEBARGER,<br><br>   Plaintiff,<br><br>v.<br><br>SYNERPRISE CONSULTING SERVICES, INC.<br><br>   Defendant. | Case No. 4:20-cv-00151 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Fed. R. Civ. P. 26(f) and the Court's January 16, 2020 ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons [Doc. #6], the parties submit the following Discovery/Case Management Plan Under 26(f) of the Federal Rules of Civil Procedure:

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

   February 28, 2020 by e-mail/phone.

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| Joseph S. Davidson (Ill. Bar No. 6301581)<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>+1 630-575-8181<br>jdavidson@sulaimanlaw.com | Cooper Walker (Tex. Bar No. 24098567)<br>MALONE FROST MARTIN PLLC<br>Northpark Central, Suite 1850<br>8750 North Central Expressway<br>Dallas, Texas 75231<br>+1 214-346-2630<br>cwalker@mamlaw.com |

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

1

None.

3. **Briefly describe what this case is about.**

   **Plaintiff:** Plaintiff alleges: (1) Defendant violated 15 U.S.C. § 1692d(5) and Tex. Fin. Code Ann. § 392.302(4) by (a) continuing to place phone calls to Plaintiff in spite of being asked to cease; and (2) Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing no less than 12 non-emergency phone calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent.

   **Defendant:** Defendant denies that it violated any of the statutes which Plaintiff sues under. Plaintiff never requested calls to stop. However, in the event Plaintiff did request calls to stop, any FDCPA violation that occurred thereafter was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Furthermore, Defendant did not make any calls to Plaintiff using an ATDS. And, regardless, Defendant had consent to call Plaintiff using an ATDS.

4. **Specify the allegation of federal jurisdiction.**

   The Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

**8.** **Describe class-action issues.**

None.

**9.** **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures required by Rule 26(a) will be made on or before March 30, 2020.

**10.** **Describe the proposed agreed discovery plan, including:**

    **A.** **Responses to all the matters raised in Rule 26(f).**

    March 30, 2020.

    **B.** **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff anticipates that it will send interrogatories to Defendant on or before April 15, 2020.

    **C.** **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant anticipates that it will send interrogatories to Plaintiff on or before April 15, 2020.

    **D.** **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Plaintiff anticipates that it will take Defendant's Rule 30(b)(6) oral deposition on or before June 1, 2020.

    **E.** **Of whom and by when the defendant anticipates taking oral depositions.**

    Defendant anticipates that it will take Plaintiff's oral deposition on or before June 1, 2020.

    **F.**

        **(i)** **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

        June 1, 2020.

   **(ii)**   **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

        July 1, 2020.

**G.**   **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking Defendant's expert's deposition on or before July 31, 2020.

**H.**   **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking Plaintiff's expert's deposition on or before July 31, 2020.

**11.**   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A

**12.**   **Specify the discovery beyond the initial disclosures that has been undertaken to date.**

None.

**13.**   **State the date the planned discovery can reasonably be completed.**

July 31, 2020.

**14.**   **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Cautiously optimistic.

**15.**   **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties are engaged in settlement discussions.

**16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Settlement Conference with Magistrate Judge at discovery deadline.

**17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Opposed.

**18.    State whether a jury demand has been made and if it was made on time.**

Yes.

**19.    Specify the number of hours it will likely take to present the evidence in this case.**

12-16

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.    List other pending motions.**

None.

**22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.    Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff has filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons. Defendant will file its Disclosure of Interested Persons at the time its answer is due.

**24.    List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

Mohammed O. Badwan (Ill. Bar No. 6299011)
Joseph S. Davidson (Ill. Bar No. 6301581)
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

Robbie Malone (Tex. Bar No. 12876450)
Eugene Xerxes Martin, IV (Tex. Bar No. 24078928)
Cooper Walker (Tex. Bar No. 24098567)
MALONE FROST MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
+1 214-346-2630
rmalone@mamlaw.com
xmartin@mamlaw.com
cwalker@mamlaw.com

| AGREED: | February 28, 2020 |
|---|---|
| SULAIMAN LAW GROUP, LTD. | MALONE FROST MARTIN PLLC |
| By: */s/ Joseph S. Davidson* | By: */s/ Cooper Walker* |
| Mohammed O. Badwan | Robbie Malone |
| Joseph S. Davidson | Eugene Xerxes Martin, IV |
| SULAIMAN LAW GROUP, LTD. | Cooper Walker |
| 2500 South Highland Avenue | MALONE FROST MARTIN PLLC |
| Suite 200 | Northpark Central, Suite 1850 |
| Lombard, Illinois 60148 | 8750 North Central Expressway |
| +1 630-575-8181 | Dallas, Texas 75231 |
| mbadwan@sulaimanlaw.com | +1 214-346-2630 |
| jdavidson@sulaimanlaw.com | rmalone@mamlaw.com |
| | xmartin@mamlaw.com |
| | cwalker@mamlaw.com |